PRIDE ET AL. *v.* VONDERSCHER.

[No. 12,789. Filed October 5, 1927. Rehearing denied February 17, 1928. Transfer denied April 17, 1928.]

*Harvey Harmon* and *McGinnis, Waller & McGinnis,* for appellants.

*Nat. H. Youngblood,* for appellee.

McMAHAN, J.—Action by appellee, William F. Von-

derscher, against appellants Grover C. and Flournoy S. Pride for damages to an automobile owned by appellee. From a judgment in favor of appellee for $150, this appeal is prosecuted, the error assigned being the overruling of appellants' motion for a new trial.

The accident happened about 11 p. m. as appellee's son, with two companions, was traveling eastward on a public highway between Evansville and Newburg. Appellants operated a garage at Evansville and two of their employees, with a wrecking car, were engaged in pulling another automobile out of a ditch on the south side of the road. Appellants' wrecking car was on the north side of the road and headed west with bright headlights. A steel cable ran from the top of the wrecking car across the road to the rear end of the car in the ditch. This cable was about six feet above the surface of the road. As appellee's son and his companions came around a bend in the road, they saw the lights on the wrecking car, but did not know it was parked at the side of the road until they were about 270 feet away. There were no barricades or lights of any kind across or on the road to warn travelers of the obstruction or danger, and appellee's son, being blinded by the headlights on the wrecker did not see the car in the ditch or the cable until he passed the headlights and was not then able to stop his car but ran under the cable tearing the windshield and top off of his car. The two employees of appellants testified they attempted to warn and stop appellee's son with white flashlights, one of such employees being in front of the wrecker between the headlights and the other in the road about thirty feet west of the cable. There is testimony that the head lights and tail light on the car in the ditch were burning, but the occupants in appellee's car testified they did not see them or the flash-lights used by appellant's employees

in their attempt to warn them of the danger. The evidence is ample to sustain the verdict, and there was no error in refusing to direct a verdict in favor of appellants.

Appellants next complain of the exclusion of certain testimony. After O. J. Skelton had testified that he was a state police officer and that, in the discharge of his duties, he was frequently required to stop motorists on highways, he was asked if he was familiar with the means adopted by himself and other persons in similar capacities for flagging motorists. An objection to this question was sustained. This was not error. The method of state police officers in stopping motorists at night by the use of white flash-lights does not tend to prove that the method employed by appellants was proper under the facts in the instant case. Nor, was it error for the court to sustain an objection to a question asked one of appellants if they had had an accident after they quit using red lights and began to use white flash-lights.

The court did not err in the giving of instructions. Appellee insists that it is apparent this appeal is vexatious and prosecuted for the purpose of delay. There is merit in this contention.

Judgment affirmed, with ten per cent. penalty.

Dausman, J., absent.